## R. M. Robinson's Trustee *v.* C. D. Hamilton.

**Pleading—Prima Facie Case—Recovery.**

Where plaintiff makes out a prima facie case, recovery on the merits of the action can only be prevented by answer or other pleading necessary to an issue of fact, and this is the rule even where plaintiff is compelled by a court of equity to come into an action for a settlement of a trust estate, as where the suit is in ordinary.

**Evidence—Burden of Proof.**

Where, if exceptions to a master's report be treated as an answer, they do not deny the purchase or appropriation of the property in question, but set up matter in avoidance, the burden is on defendant to establish some one of his grounds of defense.

**Evidence—Presumption.**

The fact that plaintiff did not take the deposition of his manager with regard to the acts of plaintiff raises no presumption unfavorable to plaintiff.

**War—Claim for Property Taken.**

Where from the proof it is doubtful whether R. had permission from the proper authority to purchase cotton in Louisiana, and also whether the cotton when it came into his hands was in a section of the country "occupied and controlled by officers of the United States," such doubts ought to be resolved in favor of the party seeking pay for his goods, rather than one seeking to take advantage of his wrongful conduct.

**War—Transaction Against Public Policy.**

The defense that a transaction contravenes public policy is not allowed for the defendant's advantage, but for the public good, and should only be upheld where the evidence satisfactorily shows that the party seeking relief has violated some public law.

APPEAL FROM GARRARD CIRCUIT COURT.

February 2, 1873.

Opinion by Judge Lindsay:

The account of C. D. Hamilton was properly verified and proved, and upon the face of the master's report he was *prima facie* entitled to recover, nor was it necessary upon exceptions to this report that he should introduce further proof to sustain his claim. When a plaintiff makes out a *prima facie* case, a recovery on the merits of the action can only be prevented by answer or other pleading neces-

sary to an issue of fact, and this rule prevails as well where the plaintiff is compelled by a court of equity to come into an action for the settlement of a trust estate, as where he sues in ordinary.

The exceptions filed if treated as an answer do not deny the purchase, or appropriation of the cotton, but set up matters of avoidance. The onus was therefore upon appellant, to establish some one of his grounds of defense.

He does not show that the party from whom Robinson purchased the cotton had authority to sell it. The fact that Hamilton appropriated the note and confederate money paid to his manager or overseer did not necessarily amount to a ratification of such overseer's acts.

He was within the confederate lines. Robinson and his cotton were in the Federal lines. He could not return nor offer to return the note and money. He was for the time reduced to the necessity of taking them or nothing, and Robinson, not his representative, can take advantage of his yielding to this necessity.

So far as the proof shows, Robinson possessed himself of the cotton by wrongfully taking and carrying it away, without contracting for it with any person having authority to sell. The fact that Hamilton did not take the deposition of his manager raises no presumption unfavorable to him. It was for appellant to prove that this party had the authority to sell. Hamilton's case was made out without any proof upon that question, whilst contracts between persons residing within the lines of the two late regiments will not be enforced as against public policy. Still the war being over, the courts will redress unauthorized wrongs committed upon the citizens of either section, and that in our opinion is what has been done in this case. Besides this, it is a matter of doubt from the proof whether Robinson did or not have permission from the proper authorities to purchase cotton in Louisiana, and also whether the cotton when it came into his hands was or not in a section of country "occupied and controlled by forces of the United States." These doubts ought to be resolved in favor of the party seeking pay for his goods, rather than the one seeking to take advantage of his own unlawful conduct. The defense that a transaction contravenes public policy is not allowed for the defendant's advantage, but for the public good, and should not be upheld unless the evidence shows satisfactorily that the party seeking relief has violated some public

law.   The fact is not satisfactorily shown as to Hamilton, and the judgment overruling the exceptions to his claim was proper.   It is therefore *affirmed*.

*Dunlap, Burton, for appellant.*

*James, for appellee.*